UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SONJA HALL DELLINGER,<br><br>                       Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN,<br>   Commissioner of Social Security, et al.,<br><br>                      Defendants. | NO:  2:15-CV-0223-TOR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is a Report and Recommendation issued by Magistrate Judge Dimke (ECF No. 16), which recommends this Court grant Defendant's Motion for Summary Judgment (ECF No. 13) and deny Plaintiff's Motion for Summary Judgment (ECF No. 12).  On August 9, 2015 Plaintiff filed objections to the R&R.  ECF No. 18.  The Court has reviewed the R&R, the briefing and the record and files herein, and is fully informed.

For the reasons stated below, this Court denies Defendant's Motion for Summary Judgment, and grants Plaintiff's Motion for Summary Judgment.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1

## BACKGROUND

Plaintiff applied for disability insurance under the Social Security Act in August 2012. In January 2014, the ALJ issued a written decision denying Plaintiff's applications for benefits, which decision became the Commissioner's final decision in June 2015. Plaintiff appealed to this Court and her case was assigned to a Magistrate Judge. The Magistrate Judge issued an R&R on July 25, 2016.

In response to the R&R, Plaintiff raises the following objections: (1) the ALJ improperly rejected the opinion of Plaintiff's treating physician; and (2) the ALJ made an improper adverse credibility finding. ECF No. 18.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72, the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to" and "may accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

While Plaintiff raises multiple objections for this Court's review, the Court concludes the ALJ erred in failing to properly evaluate the opinion of Plaintiff's treating physician, and therefore rejects the R&R and remands the case to the Commissioner for further proceedings.

### A. Evaluation of Dr. Ouellette's Opinion

Plaintiff faults the ALJ for failing to provide sufficient reasoning for rejecting the opinion of Dr. Ouellette, her treating physician, and argues the R&R's "attempt to salvage the ALJ's decision amounted to an impermissible post-hoc rationalization." ECF No. 18 at 5.

A treating physician's opinions are entitled to substantial weight in social security proceedings. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray*, 554 F.3d at 1228 (quotation and citation omitted).

Even if a treating physician's opinion is contradicted by another physician, the ALJ may not simply disregard it, and is required to consider factors set out in 20 C.F.R. § 404.1527(c)(2)-(6) in determining how much weight to afford the treating physician's medical opinion. *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (citing *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007)). "These factors include the 'length of the treatment relationship and the frequency of

examination' by the treating physicians, the 'nature and extent of the treatment relationship' between the patient and the treating physician, the 'supportability' of the physician's opinion with medical evidence and the consistency of the physician's opinion with the record as a whole." *Id.* (quoting 20 C.F.R. § 404.1527(c)(2)-(6)). "In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight." *Id.* (quoting *Orn*, 495 F.3d at 631).

Similarly, "an ALJ may not simply reject a treating physician's opinions on the ultimate issue of disability." *Id.* (citing *Holohan v. Massanari*, 246 F.3d 1195, 1202-03 (9th Cir. 2001)). An ALJ may only reject a treating physician's contradicted opinions by "providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)). "An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" *Garrison v. Colvin,* 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)).

Here, Dr. Ouellette opined that Plaintiff "does appear capable of some sedentary work, as long as there is no lifting greater than 10 pounds, no lifting at all over shoulder height, and as long as she can change positions frequently as

needed throughout the day." Tr. 428.  Moreover, Dr. Ouellette disagreed with the physicians who examined Plaintiff in connection with her labor and industry claims by opining she needed additional treatment.  *See* Tr. 427; *see also* Tr. 248-59 (findings of Drs. James and Furrer).

In regards to Dr. Ouellette's opinion, the ALJ found as follows:

> I give little weight to the opinion of Dr. Tracy Ouelette disagreeing with prior IMEs and finding that the claimant is not at maximum physical improvement (20F). Dr. Ouelette does not have a treating relationship with the claimant, and his opinion is highly speculative. Notably, he recommend (sic) continued physical therapy to improve the claimant's functioning, however, the medical records indicate that she has consistently participated in physical therapy and though she initially saw great improvement, ongoing efforts are aimed at maintaining her functioning and not expected to greatly improve her functioning. It is worth noting that Dr. Ouelette declined to offer the claimant a disabled parking permit as he believes that walking and exercise would be good for her (20F/3). Most importantly, Dr. Ouelette does not provide his own functional assessment of the claimant, but simply states that he disagrees with the IME finding. Accordingly, his opinion is of little help in assessing the claimant's residual functional capacity in this case.

Tr. 24.

Dr. Ouellette's opinion was contradicted by other physicians, *see* Tr. 243-45, and thus, the ALJ need only provide specific and legitimate reasons to discount Dr. Oullette's opinion.  But the ALJ erred in finding Dr. Ouellette was not a treating physician and that her opinion was too speculative.  The ALJ did not provide legitimate reasons for rejecting Dr. Ouellette's opinion.  For instance, the ALJ

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 5

discounted Dr. Ouellette's opinion because she "does not provide [her] own functional assessment of the claimant, but simply states that [she] disagrees with the IME finding." Tr. 24. Plaintiff contends this finding is factually incorrect and points to Dr. Ouellette's functional assessment of Plaintiff. ECF No. 18 at 2-5 (citing 425-29).

The R&R justifies why the ALJ discounted Dr. Ouellette's opinion, ECF No. 16 at 20-21, but overlooks that the ALJ did not actually provide those justifications. Rather, the ALJ failed to acknowledge Dr. Ouellette's assessment and treatment notes in their entirety and incorrectly found that she "simply states [she] disagrees with the IME finding." Such a statement by the ALJ ignores the assessments contained within Dr. Ouellette's treatment notes, and thus, the ALJ's reason is not supported by substantial evidence on the record. Importantly, "[w]here an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs." *Garrison v. Colvin,* 759 F.3d 995, 1012 (9th Cir. 2014). "In other words, an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it[.]" *Id.* at 1012-13. The Court finds the ALJ failed to consider or properly reject Dr. Ouellette's opinion and a remand is required.

//

//

**B. Remedy**

The ALJ's error was not harmless. The medical opinions of record must be considered and properly evaluated by the ALJ. When an ALJ's denial is based upon legal error or not supported by the record, the usual course is for the Court to remand for further proceedings or explanations. *See Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012).

Remand is appropriate "where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated." *Hill*, 698 F.3d at 1162. In this case, there remains outstanding issues to resolve. For instance, whether, when the evidence is properly evaluated, Plaintiff's limitations impair her ability to perform basic work activities, and the ALJ must consider the limitations imposed by Plaintiff's impairments in assessing her RFC. In making these determinations, the Commissioner must properly evaluate the opinions of the examining and treating medical experts. Whether a proper evaluation of the medical opinions can be reconciled with the ALJ's existing adverse credibility determination or any of the other remaining issues in the case is for the Commissioner to decide in the first instance.

Upon remand, the ALJ should further develop the record and issue a new decision. The ALJ should reevaluate all of Plaintiff's impairments; all medical

source opinions; Plaintiff's credibility; Plaintiff's RFC; findings at step three, and if necessary Plaintiff's ability to perform work at steps four and five. Plaintiff may present new arguments and evidence and the ALJ may conduct further proceedings as necessary.

**ACCORDINGLY, IT IS ORDERED:**

1. The R&R is rejected and Plaintiff's Motion for Summary Judgment (ECF No. 12) is **GRANTED**.

2. Defendant's Motion for Summary Judgment (ECF No. 13) is **DENIED**.

3. Pursuant to sentence four of 42 U.S.C. § 405(g), this action is **REVERSED** and **REMANDED** to the Commissioner for further proceedings consistent with this Order.

The District Court Executive is directed to enter this Order and Judgment accordingly, provide copies to the parties, and **CLOSE** this case.

**DATED** September 2, 2016.



THOMAS O. RICE
Chief United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 8